IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| HARRY FRED SCOTT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 9:15-CV-142 |
| | § | |
| v. | § | |
| | § | |
| CROCKETT INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING**
**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The court referred this case by order to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management on September 30, 2015. The court has received and considered Judge Hawthorn's report and recommendation (Doc. No. 82), which recommends granting Defendant Crockett Independent School District's ("CISD") motion for summary judgment and dismissing Plaintiff Harry Fred Scott's claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) and 42 U.S.C. § 1983. Scott has filed objections to the report and recommendation. Doc. No. 82

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Although Scott filed his objections to Judge Hawthorn's report five days after the fourteen-day objection period, the court chooses to review the report and recommendation *de novo* and concludes that his objections are without merit. Because Scott is proceeding *pro se*, his pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). Notwithstanding the lesser pleading standards given to *pro se* parties, Scott's objections are difficult to decipher as they fail to specifically identify the magistrate judge's findings to which he objects. The objections also include seemingly unrelated medical records as attachments. *See* Doc. No. 87, pp. 10-29.

Accordingly, the court will construe Scott's objections as a challenge to the magistrate judge's ultimate conclusion that CISD is entitled to summary judgment on all of his federal law claims. After reviewing the report and recommendation *de novo*, and liberally construing his objections, the court finds they are without merit. For the same reasons set forth by the magistrate judge, the court finds CISD has shown there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. To the extent Scott claims it was error for the magistrate judge to fail to appoint counsel to assist him with these proceedings, as a general rule, a civil rights complainant does not have a right to appointment of counsel unless his case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). As held previously by the magistrate judge, and affirmed by the district judge formerly assigned to this case, there are no exceptional circumstances present to justify the appointment of counsel. *See* Doc. Nos. 3, 12, 33, 77.

Accordingly, the objections filed by Scott are overruled and the report and recommendation of the magistrate judge is **ADOPTED**. Scott's claims under Title VII and § 1983 are dismissed

with prejudice. The court declines to exercise supplemental jurisdiction over Scott's state law assault claim and that claim is dismissed without prejudice to Scott's ability to reassert it in state court. *See* 28 U.S.C. § 1367(c)(3). All pending motions in this matter are denied and the Clerk of Court is directed to close this case. A final judgment will be entered separately.

So **ORDERED** and **SIGNED** this **22** day of **March, 2017.**

_____
Ron Clark, United States District Judge